**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**MANICHAEAN CAPITAL, LLC; CHARLES CASCARILLA; EMIL KHAN WOODS; LGC FOUNDATION, INC.; and IMAGO DEI FOUNDATION, INC.,**

      **Plaintiffs,**

      **v.**

**SOURCEHOV HOLDINGS, INC.,**

      **Defendant.**

---

Civil Action No. _____

---

**COMPLAINT FOR RECOGNITION AND ENFORCEMENT OF**
**A DELAWARE COURT OF CHANCERY JUDGMENT**

Plaintiffs Manichaean Capital LLC, Charles Cascarilla, Emil Khan Woods, LGC Foundation, Inc., and Imago Dei Foundation, Inc., (collectively, "Plaintiffs"), by and through their undersigned counsel, file this Complaint against Defendant SourceHOV Holdings Inc. ("SourceHOV") and in support thereof allege as follows:

**NATURE OF THE ACTION**

1.      This is a diversity action to recognize and enforce a Delaware judgment entered in favor of Plaintiffs and as against SourceHOV under New York law and federal common law in the amount of $57,684,471, plus interest.

2.      Plaintiffs are former dissenting stockholders and judgment creditors of SourceHOV.

3.      In 2017, SourceHOV entered into a merger and multi-party business combination agreement.  Plaintiffs dissented from these transactions and exercised their statutory appraisal rights under 8 *Del. C.* § 262.

4.      On March 26, 2020, the Court of Chancery of the State of Delaware (hereinafter, "Court of Chancery") entered judgment in favor of Plaintiffs in the amount of $57,684,471, plus

interest (the "Judgment").  The Court of Chancery appraised the value of Plaintiffs' shares in SourceHOV at $4,591 per share, significantly higher than the Defendant's proposed valuation.  The Court of Chancery denied the Defendant's post-trial motions for reargument and for a new trial.

5.     Since these denials, the Defendant has attempted to make itself "judgment proof" through its parent company Exela Technologies, Inc.'s ("Exela") unjust manipulation of the corporate form to prevent Plaintiffs from satisfying the Judgment and to shield its own assets and those of its subsidiaries from Plaintiffs.  In its effort to enforce the Judgment, Plaintiffs served Interrogatories in Aid of Execution of the Judgment to Defendant (in Delaware and Texas).  However, the Defendant has continued to obstruct Plaintiffs' access to the Defendant's assets by failing to respond to any request in a substantive manner.  To date, the Judgment remains unsatisfied, and although an appeal is pending, enforcement is not stayed and the Defendant has not posted a *supersedeas* bond or other security.

6.     The Court of Chancery originally entered the Judgment.  Title 10, Section 4734 of the Delaware Code provides that "upon the receipt of any judgment or order from the Court of Chancery, calling for the payment of a sum of money," the prothonotary of each county shall "enter the same in accordance with the directions of the Court as provided in the judgment or order" and that following entry thereof, "the judgment[] … shall have the same force and effect as though the judgment had been entered in the Superior Court."  10 *Del. C.* § 4734.

7.     In accordance with 10 *Del. C.* § 4734, upon the direction of the Court of Chancery, the prothonotary entered the Judgment in the Superior Court of Delaware.  The Judgment thus has the same force and effect as though it had been entered in the Superior Court.

8.     An authenticated, exemplified copy of the judgment issued by the Court of Chancery and entered in the Superior Court of Delaware is attached as Exhibit A to the annexed Declaration of Samuel J. Lieberman in Support of Plaintiffs' Complaint for Recognition and Enforcement of a

Delaware Court of Chancery Judgment (hereinafter, the "Lieberman Declaration"). The Judgment has been exemplified, which means it has been (i) signed by Vice Chancellor Joseph R. Slights of the Delaware Court of Chancery; (ii) Certified as a True Copy by the Register in Chancery; and (iii) exemplified by the seal of the prothonotary in Delaware.

9.      The Judgment was rendered as a result of a fully-litigated proceeding in a Delaware state court and is entitled to full faith and credit pursuant to 28 U.S.C. § 1738 ("Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken").

10.      The Judgment remains unsatisfied, and although an appeal is pending, SourceHOV has failed to post a *supersedeas* bond or other form of security to stay enforcement.

11.      Plaintiffs respectfully request that the Court recognize the Judgment such that Plaintiffs may proceed to enforce it in the same manner as though it were a judgment rendered by this Court.

## JURISDICTION AND VENUE

12.      The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

13.      The Court has personal jurisdiction over the Defendant because the Judgment is entitled to full faith and credit and the rendering court had personal jurisdiction over the Defendant.

14.      This Court also has personal jurisdiction over the Defendant in that the Defendant has property in New York, including upon information and belief, an office in New York at 163 Charles Street, New York, NY, as do at least two of its alter ego subsidiaries, or is owed debt past or yet to become due certainly or upon demand owed by persons or entities in New York.

15.      Additionally, this Court has personal jurisdiction over the Defendant because alter egos

of the Defendant have property in New York or are owed debt past or yet to become due certainly or upon demand owed by persons or entities in New York.

16.     Venue is proper in this District in that there is substantial property located here that is subject to the action.  28 U.S.C. § 1391(f)(1).

## THE PARTIES

17.     Plaintiff Manichaean Capital LLC is a Delaware limited liability company.  Its members are Charles Cascarilla and Emil Khan Woods.  Charles Cascarilla and Emil Khan Woods are individuals residing in New York.  For diversity purposes, Manichaean is a citizen of New York.

18.     Plaintiff Charles Cascarilla is an individual resident in New York and for diversity purposes is a citizen of New York.

19.     Plaintiff Emil Khan Woods is an individual resident in New York and for diversity purposes is a citizen of New York.

20.     Plaintiff LGC Foundation, Inc. is incorporated in Ohio and its principal place of business is in New York.  For diversity purposes, it is a citizen of Ohio and New York.

21.     Plaintiff Imago Dei is incorporated in Ohio and its principal place of business is in New York.  For diversity purposes, it is a citizen of Ohio and New York.

22.     Defendant SourceHOV Holdings, Inc. is a Delaware corporation and its principal place of business is in Texas.  For diversity purposes, it is a citizen of Delaware and Texas.

## FACTUAL BACKGROUND

### The Merger

23.     Judgment Debtor SourceHOV is a Delaware corporation that provides business process outsourcing and financial technology services within several industries.

24.     Plaintiffs are former stockholders of SourceHOV.  Collectively, Plaintiffs held 10,304 shares of common stock in SourceHOV.

25.    Prior to the business combination that gave rise to the appraisal action before the Chancery Court, SourceHOV was majority-owned by HandsOn Global Management, LLC ("HGM"). Parvinder Chadha, HGM's Chief Executive Officer and Chief Investment Officer, and James Reynolds, HGM's Chief Operations Officer, were directors of SourceHOV.

26.    On July 12, 2017, SourceHOV merged with Ex-Sigma LLC and Ex-Sigma Merger Sub, Inc.  Pursuant to this preliminary merger, each share of SourceHOV common stock was converted into a right to receive one membership unit of Ex-Sigma LLC, a Delaware LLC formed by HGM.

27.    The creation of Ex-Sigma LLC and conversion of SourceHOV's stockholder rights into membership interests was a preliminary step in the business combination executed on July 12, 2017, in which (i) SourceHOV Merger Sub merged with and into SourceHOV, with SourceHOV surviving that merger to become an indirect subsidiary of Quinpario Acquisition Corp. 2 ("Quinpario"); and (ii) Quinpario Merger Sub II, Inc. merged with and into Novitex Holdings, Inc. ("Novitex"), with Novitex surviving that merger to become an indirect subsidiary of Quinpario.  The effect of the preliminary merger and the business combination was for Quinpario to become the parent company of both SourceHOV and Novitex, with Ex-Sigma, LLC becoming an owner of Quinpario stock.  Quinpario was later renamed Exela.

28.    In exchange for their SourceHOV stock, consenting stockholders, through Ex-Sigma, LLC, received consideration in the form of approximately 76,100,000 shares of Exela common stock, (the "Merger Consideration").  In the business combination, Exela also obtained ownership of the Plaintiffs' 6.55% *pro rata* share of SourceHOV's equity.  But Exela did not pay any consideration to acquire this ownership share of SourceHOV's equity.  In this manner, Exela obtained 6.55% of SourceHOV's ownership without paying any consideration.

29.    Plaintiffs did not vote their respective shares of common stock in favor of or otherwise consent to either the conversion of their stock into membership interests in Ex-Sigma LLC or the

business combination.

30.     Pursuant to Delaware law and the terms of the Business Combination Agreements, as dissenting stockholders, Plaintiffs were granted the right to the appraisal value of their shares.

31.     Plaintiffs properly perfected their appraisal rights in accordance with Delaware law.

### The Appraisal Action

32.     On September 21, 2017, Plaintiffs petitioned the Court of Chancery for an appraisal and determination of the fair value of their respective shares of the common stock of SourceHOV Holdings, Inc. in accordance with 8 *Del. C.* § 262 (the "Appraisal Action").

33.     Throughout the Appraisal Action, SourceHOV sought to manipulate the process to deny Plaintiffs the fair value of their shares.  Most egregiously, during the Appraisal Action, Plaintiffs discovered that SourceHOV had tried to rewrite its value *post-hoc*, well below the value shown by its contemporaneous projections, to the point that it backdated a reduced valuation that it had its financial adviser create in "January 2018"—after the Appraisal Action commenced—to say "July 2017." *Manichaean Capital, LLC v. SourceHOV Holdings, Inc*., 2020 WL 496606, at *2 (Del. Ch. Jan. 30, 2020), *reconsideration denied*, 2020 WL 1166067 at *10 (Del. Ch. Mar. 11, 2020), *and judgment entered*, (Del. Ch. 2020) ("Appraisal Opinion").  The Court of Chancery found that the testimony of Parvinder Chadha, director of SourceHOV and "the centerpiece of Respondent's effort to paint the picture of a company in trouble in order to lay foundation for its argument that SourceHOV's fair value was substantially south of Manichaean's fair value mark," was "simply [] not believable." Appraisal Opinion at *20.  Chadha's "failure even to acknowledge [the backdated valuation] scheme, when it was finally exposed in discovery, taint[ed] all of his testimony."  *Id.* at *21.

34.     SourceHOV ultimately claimed that fair value of the common stock was $1,633 per share.  This estimate was contradicted by SourceHOV's own expert, which valued Plaintiffs' shares at $2,817.41 per share.  Plaintiffs' expert calculated SourceHOV's fair value at $5,079 per share.  After

reviewing the parties' evidence and arguments, the Court of Chancery concluded that Plaintiffs' expert's analysis was "credible" and "well supported by the evidence," and adopted Plaintiffs' valuation "*in toto*" with one minor adjustment. *Id.* at *27.

### The Appraisal Judgment

35.     On January 30, 2020, the Court of Chancery issued its post-trial Memorandum Opinion, where it determined the fair value of SourceHOV at the time of the business combination was $4,591 per share.

36.     On February 7, 2020, SourceHOV filed a motion for reargument in which SourceHOV drew a new distinction between vested but unsettled Restricted Stock Units ("RSUs") and unvested RSUs in an attempt to persuade the Court that it should raise its count of SourceHOV's shares, which would reduce the value of Plaintiffs' shares.

37.     On March 11, 2020, the Court of Chancery denied SourceHOV's motion for reargument, both because the motion (i) improperly raised new arguments that SourceHOV should have raised at trial, and (ii) failed to clearly demonstrate an error in the Court of Chancery's January 30, 2020 ruling. *Manichaean Capital LLC v. SourceHOV Hldgs., Inc.*, 2020 WL 1166067 (Del. Ch. Mar. 11, 2020).

38.     On March 26, 2020, the Delaware Court of Chancery issued the Final Order and Judgment in favor Plaintiffs and as against SourceHOV.

39.     On May 6, 2020, Plaintiffs served Interrogatories in Aid of Execution of the Judgment on SourceHOV, seeking information about the assets of SourceHOV, its parent and its subsidiaries.

40.      The next day, on May 7, 2020, SourceHOV filed a motion for a new trial, which merely "repackaged" its prior motion for reargument, and asserted the same grounds. *Manichaean Capital, LLC v. SourceHOV Hldgs, Inc.*, 2020 WL 3097678, at **3-5 n.274 (Del. Ch. June 11, 2020).

41.     On June 11, 2020, the Court of Chancery denied SourceHOV's motion for a new trial.

The Court of Chancery ruled that the motion would not have changed the outcome of the trial, and was procedurally defective because it was based on facts and arguments that SourceHOV could have presented at trial.

42.     On June 30, 2020, SourceHOV filed a notice of appeal.

43.     On July 1, 2020, SourceHOV served Responses to Petitioners' Interrogatories in Aid of Execution of the Judgment.

44.     On July 2, 2020, Plaintiffs submitted a demand letter to SourceHOV for payment no later than July 10, 2020 in the amount of $58,573,191 and requesting that counsel accept service of process for all concerned entities.

45.     On July 10, 2020, counsel for SourceHOV responded in an email that they refused to accept service and without answering any of the substance of the demand letter, merely stated:  "We disagree with the allegations in your letter."

46.     On July 15, 2020, Plaintiffs filed a Motion for Charging Order and *Status Quo* Order against SourceHOV's membership interest in SourceHOV LLC in the Appraisal Action.

47.     To date, SourceHOV has not satisfied any portion of the Judgment of $57,684,471, plus interest or otherwise posted a bond to stay enforcement of the Judgment.

### The Exemplified Judgment Issued by the Court of Chancery of the State of Delaware is Entitled to Full Faith and Credit

48.     The Judgment issued by the Court of Chancery should be recognized by the Court because it is entitled to full faith and credit under the US Constitution and New York law.

49.     Under Article IV, Section 1 of the United States Constitution, "Full Faith and Credit shall be given in each State to the … judicial Proceedings of every other State."  Congress extended the Full Faith and Credit provisions of the United States Constitution, Article IV, Section 1 to all courts, federal as well as states, as set forth in 28 U.S.C. § 1738.

50.     Pursuant to 28 U.S.C. § 1738, "[t]he records and judicial proceedings of any court of

any such State … shall be proved or admitted in other courts within the United States … " and "[s]uch

… records … so authenticated, shall have the same full faith and credit in every court within the United

States and its Territories and Possessions as they have by law or usage in the courts of such State,

Territory or Possession from which they are taken."

51.     Thus, pursuant to 28 U.S.C. § 1738, a judgment entered by a state court of competent

jurisdiction, properly authenticated, must be accorded full faith and credit in every federal court.

52.     The Judgment is entitled to full faith and credit under 28 U.S.C. § 1738 because the

Court of Chancery had subject matter jurisdiction over the Appraisal Action and personal jurisdiction

over the Defendant, and Plaintiffs have submitted a properly authenticated, exemplified copy of the

Judgment.

53.     The Court of Chancery had subject matter jurisdiction over the Appraisal Action

because the Court of Chancery has jurisdiction over appraisal actions under 8 *Del. C.* § 262.  The

Court of Chancery also had jurisdiction over the Defendant because SourceHOV is incorporated in

Delaware.  In addition, SourceHOV explicitly consented to jurisdiction in Delaware for actions arising

out of the Business Combination Agreement and appeared before the Court of Chancery in the

Appraisal Action.  *See* Exela Schedule 14-A, Business Combination Agreement, Section 10.10(b)

("Each party irrevocably agrees that any Action arising out of or relating to this Agreement brought

by the other party or its successors or assigns shall be brought and determined in the Court of Chancery

of the State of Delaware (or, solely if such courts decline jurisdiction, in any federal court located in

the State of Delaware), and each party hereby irrevocably submits to the exclusive jurisdiction of the

aforesaid courts for itself and with respect to its property, generally and unconditionally, with regard

to any such Action arising out of or relating to this Agreement and the transactions contemplated

hereby").  Thus, the Court of Chancery had jurisdiction over the Defendant and the Appraisal Action.

54.     Accordingly, 28 U.S.C. § 1738 requires enforcement of the Judgment by this Court.

55.     The Judgment is also entitled to full faith and credit under New York law, which in this diversity action is the governing law.  28 U.S.C. § 1652.

56.     New York has adopted the Uniform Enforcement of Foreign Judgments Act.  N.Y. CPLR § 5408.  Pursuant to Article 54 of the New York Civil Practice and Law Rules, a judgment from a sister court is referred to as a "foreign judgment" and must be treated "in the same manner as a judgment of the supreme court of this state" and "has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of the supreme court of this state and may be enforced or satisfied in like manner."  N.Y. CPLR §§ 5401, 5402(b).

57.     The Act defines a "foreign judgment" as "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance, or by confession of judgment."  N.Y. CPLR § 5401.

58.     New York courts will enforce a foreign judgment of a sister state unless it is shown that the state in which the judgment was entered did not have jurisdiction.

59.     As explained above, the Judgment was a judgment on the merits issued by a state court with jurisdiction over the subject matter of the action and the Defendant, therefore the Judgment is entitled to full faith and credit and is not open to attack in the courts of this state.  The Judgment is entitled to the same weight in any court of this state as would be accorded to it by the rendering state.

**SourceHOV and Its Alter Egos Have Property in New York Subject to Enforcement**

60.     Under New York law, judgments may be enforced "against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested, unless it is exempt from application to the satisfaction of the judgment."  N.Y. C.P.L.R. § 5201(b).

61.     Property for the purposes of § 5201(b) may include intangible property and future rights in property.  A company's assets may also include its book of business.  A company's book of business

10

may include existing contracts, customer lists, leads for potential business, and other proprietary information.

62.     SourceHOV and its alter egos, which include its parent company, Exela Technologies Inc., and its direct and indirect subsidiaries, provide information and transaction processing solutions, healthcare solutions, and legal and loss prevention services to customers in the financial services, public sector, manufacturing, telecommunications, publishing, and retail industries.

63.     Upon information and belief, SourceHOV's customers include banks, insurance companies, and companies in various industries incorporated and/or headquartered in the state of New York.

64.     Upon information and belief, SourceHOV and its alter egos have property in the state of New York that may be used to satisfy the Judgment, including debts owed to SourceHOV and its alter egos by said customers.

65.     Thus, property exists in this state that may be used to satisfy the Judgment.

## CLAIM FOR RELIEF

## COUNT I

**Against Defendant SourceHOV for Recognition And Enforcement of a Foreign Judgment Entitled To Full Faith And Credit Pursuant to 28 U.S.C. § 1738 and N.Y. CPLR Article 54 Uniform Enforcement of Foreign Judgments Act**

66.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 65.

67.     Judgments issued by the Court of Chancery of the State of Delaware are "judicial proceedings" of a "State" as those terms are used in 28 U.S.C. § 1738.

68.     All grounds for recognition of the Judgment under 28 U.S.C. § 1738 have been satisfied.

69.     The Judgment is a "foreign judgment" as that term is used in Article 54 of the New York Civil Practice and Law Rules.

70.     The Judgment has been exemplified in Delaware.

71.     All of the grounds for recognition of the Judgment under Article 54 of the New York Civil Practice and Law Rules have been satisfied.

72.     The Judgment should be recognized and enforced in favor of Plaintiffs and as against the Defendant in the amount of $57,684,471, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a.   Recognize and enforce the Judgment by awarding Plaintiffs the following amounts:

   i.    $57,684,471;

   ii.   Post-judgment interest, as set forth in the Judgment, at the Delaware statutory rate of 5% over the Federal Discount Rate, compounded quarterly, and fluctuating with the applicable Federal Discount Rate;

b.   Direct the Clerk to enter judgment against the Defendant in favor of Plaintiffs;

c.   Award Plaintiffs attorneys' fees and costs associated with the present action; and

d.   Award such other relief and further relief as the Court may deem just and proper, including any additional interest rates applicable under New York law, and any other relief necessary to address the conduct of the Defendant.

Dated:  July 22, 2020

By:  /s Samuel J. Lieberman
Samuel J. Lieberman
Alexander H. McCabe
Sadis & Goldberg LLP
551 Fifth Avenue, 21st Floor
New York, New York  10176
slieberman@sadis.com
(212)  573-8164

OF COUNSEL:

Steven K. Davidson
Michael J. Baratz
Claire Schachter
Lauren Goldschmidt
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
SDavidson@steptoe.com
MBaratz@steptoe.com
(202) 429-3000

*Attorneys for Plaintiffs Manichaean Capital, LLC; Charles Cascarilla; Emil Khan Woods; Imago Dei Foundation, Inc.; LGC Foundation, Inc.*