UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
MANICHAEAN CAPITAL, LLC, *et al.*,                    :
                                                      :
                         Plaintiffs,                  :     **ORDER DISMISSING FOR LACK**
            v.                                        :     **OF JURISDICTION**
                                                      :
SOURCEHOV HOLDINGS, INC.,                             :     20 Civ. 5679 (AKH)
                                                      :
                         Defendant.                   :
                                                      :
                                                      :
                                                      :
                                                      :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

　　　　　Plaintiffs filed this plenary action to enforce a Delaware Court of Chancery

judgment against Defendant.  Defendant moves to dismiss the action for lack of personal

jurisdiction.  *See* ECF No. 18.  Because Plaintiffs had not adequately pleaded personal

jurisdiction, the case is dismissed.[1]

## BACKGROUND

　　　　　In 2017, Plaintiff shareholders petitioned the Delaware Court of Chancery to

appraise the fair value of their shares of Defendant's common stock.  The Delaware Court of

Chancery in 2020 determined that Defendant's fair value was $4,591 per share and entered a

final judgment for Plaintiffs in the amount of $57,684,471, plus interest (the "Delaware

Judgment").  Defendant contested the decision and appealed to the Delaware Supreme Court.

The Delaware Supreme Court affirmed the Delaware Judgment on January 22, 2021.  *See* ECF

No. 26.

---

[1] Defendant contends that the Court lacks subject matter jurisdiction over the registration of a state-court judgment. *See* ECF No. 19.  Because Plaintiffs clarify in their opposition brief that they commenced this plenary action to enforce the Delaware Judgment (as defined herein), not registration, the Court will not reach the mooted issue. *See* ECF No. 20, at 12.

Plaintiffs commenced this federal action in July 2020, against Defendant to recognize and enforce the Delaware Judgment, pursuant to the Full Faith and Credit Act, 28 U.S.C. § 1738.  Plaintiffs contend that the Court has personal jurisdiction over Defendant because (i) the Delaware Judgment is entitled to full faith and credit, and (ii) the Court independently has personal jurisdiction over Defendant.

## DISCUSSION

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction over the defendant.  *See MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012).  To meet its burden, a plaintiff "may not rely on conclusory statements without any supporting facts, as such allegations would lack the factual specificity necessary to confer jurisdiction."  *Mazloum v. Int'l Commerce Corp*., 829 F. Supp. 2d 223, 227 (S.D.N.Y. 2011).  Courts will not resolve "argumentative inferences in the plaintiff's favor" or "accept as true a legal conclusion couched as a factual allegation."  *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal quotation marks omitted); *accord Zornoza v. Terraform Glob., Inc*., 419 F. Supp. 3d 715, 726 (S.D.N.Y. 2019).

For the following reasons, the Court holds that it lacks personal jurisdiction over Defendant.

## I.     Jurisdiction *in Personam*.

### A.  General Jurisdiction.

A corporation is subject to general jurisdiction only if it is "'essentially at home' in that state."  *DeLorenzo v. Viceroy Hotel Grp., LLC*, 757 F. App'x 6, 8 (2d Cir. 2018) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014)).  "Aside from 'an exceptional case,' a corporation is at home . . . only in a state that is the company's formal place of incorporation or

its principal place of business." *Id.* (quoting *Daimler*, 571 U.S. at 139).  The complaint alleges that Defendant is incorporated in Delaware, and its principal place of business is in Texas. *See Compl.* at ¶ 22.  The complaint does not otherwise allege any facts that would give rise to "an exceptional case." *Daimler*, 571 U.S. at 139; *see also Chufen Chen v. Dunkin' Brands, Inc*., 954 F.3d 492, 500 (2d Cir. 2020) (stating that an exceptional case exists when "the company's relationship with New York was in any way significant or exceptional in relation to the company's nationwide business activity").  The Court lacks general personal jurisdiction over Defendant.

### B.  Specific Jurisdiction.

Under the Due Process Clause of the Constitution, "[t]he inquiry of whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019) (quoting *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014)).  A court conducts this specific jurisdiction analysis in two steps: (i) "the court must decide if the individual or entity has 'purposefully directed his activities at the forum and the litigation arises out of or relates to those activities;'" and (ii) "the court must 'determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice.'" *In re del Valle Ruiz*, 939 F.3d at 528–29 (internal citations, quotation marks and alterations omitted) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).  Plaintiffs brought this action "to recognize and enforce a Delaware judgment," against a defendant incorporated in Delaware, arising from a merger transaction under Delaware law. *Compl.* at ¶¶ 1, 22–29.  The complaint is devoid of any allegation that the litigation arises out of Defendant's activities in New York.  The Court cannot exercise specific jurisdiction over Defendant without violating the due process requirements.

*See Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 107 (2d Cir. 2017) (holding that the district court was mistaken in excusing the plaintiff from complying with "personal jurisdiction, service, and venue requirements" in a plenary action for recognition and enforcement of awards); *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1286 (10th Cir. 2020) (holding that an arbitration enforcement action arises out of "the underlying dispute").

## II.     Jurisdiction *Quasi in Rem*.

New York law permits *quasi in rem* jurisdiction over a nondomiciliary defendant, if the plaintiff serves the defendant outside New York, and "a levy upon property of the person to be served has been made within the state pursuant to an order of attachment or a chattel of such person has been seized in an action to recover a chattel."  N.Y. C.P.L.R. 314(3) (2012); *see also Viacom Int'l, Inc. v. Melvin Simon Prods., Inc*., 774 F. Supp. 858, 863 (S.D.N.Y. 1991) ("[*Q*]*uasi-in-rem* jurisdiction requires that the property be seized, attached." (citing N.Y. C.P.L.R. 314(3))); *Concord Line Co. v. Just Oil & Grain Pte Ltd.*, 2010 WL 2382414, at *2 (S.D.N.Y. June 14, 2010) ("[T]he entire concept of quasi in rem jurisdiction depends on property of a defendant being found and attached."); *Appelbaum v. Palagonia*, 20 Misc. 3d 1137(A), 867 N.Y.S.2d 372 (Sup. Ct. 2008) ("After proving minimal contacts, the levy must be made prior to service of the summons and complaint.").  Plaintiffs did not seek attachment of Defendant's property allegedly in New York before commencing the instant action.  *See* ECF No. 20, at 22. There is no *quasi in rem* jurisdiction over Defendant.

## III.     Full Faith and Credit Clause and Personal Jurisdiction.

Defendant contends that "[w]hen a state court judgment is given full faith and credit in federal court, the judgment-creditor need not demonstrate that the enforcing court has

4

jurisdiction where the judgment-debtor appeared in the original action[,] and the rending court had personal jurisdiction."  ECF No. 20, at 18.  The Court is not aware of any authority holding that full faith and credit excuses a plaintiff from its burden to establish personal jurisdiction.  To the contrary, courts repeatedly hold that a recognition or enforcement action must be dismissed, if the recognition or enforcement court lacks personal jurisdiction over the defendant.  *See, e.g.*, *Mobil*, 863 F.3d at 125 (vacating district court's enforcement judgment for lack of personal jurisdiction); *First Inv. Corp. of Marshall Islands v. Fujian Mawei Shipbuilding, Ltd.*, 703 F.3d 742, 748 (5th Cir. 2012), as revised (Jan. 17, 2013) ("[D]ismissal of a petition [to confirm a foreign arbitration award] under the New York Convention for lack of personal jurisdiction is appropriate as a matter of constitutional due process."); *Creighton Ltd. v. Gov't of State of Qatar*, 181 F.3d 118 (D.C. Cir. 1999) (affirming district court's dismissal of an enforcement action for lack of personal).

Cases relied by Plaintiffs merely stand for the proposition that the *rendering* court's jurisdiction may be subject to *res judicata* effect in the *enforcing* court, if the issues have been "fully and fairly litigated and finally decided in the court which rendered the original judgment."  *Durfee v. Duke*, 375 U.S. 106, 111 (1963); *see also Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151, 153 (5th Cir. 1974) (explaining that the rendering court's personal jurisdiction over the defendant is *res judicata*, "where the defendant has appeared in the original action").  Personal jurisdiction of the rendering court, the Delaware Court of Chancery, is not at issue here.  Because this Court, the enforcing court, lacks personal jurisdiction over Defendant, the action in this court must be dismissed.[2]

---

[2]  Plaintiffs argue that "[i]f personal jurisdiction were the constitution Due Process requirement that Defendant asserts it is, Congress would not have been able to enact registration under 28 U.S.C. § 1963."  ECF No. 20, at 18. First, courts make clear that Section 1963 applies "only to registration of *federal*-court judgments in *federal* courts— not to *state*-court judgments."  *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1274

## **CONCLUSION**

For the foregoing reasons, the case is dismissed for lack of personal jurisdiction.

The Clerk of Court is instructed to close the open motions (ECF Nos. 18) and terminate the case.

Oral argument scheduled for January 27, 2021, is cancelled.


SO ORDERED.

Dated:        January 27, 2021                    _____/s/_____
              New York, New York                       ALVIN K. HELLERSTEIN
                                                       United States District Judge

---

(10th Cir. 2019) (emphasis added); *see also Mobil*, 863 F.3d at 99 ("By its express terms § 1963 applies only to registration of federal-court judgments in another federal court."). The instant action implicates the recognition and enforcement of a state-court judgment, and Section 1963 is inapplicable. Second, a key distinction between the process of registering a federal judgment in another federal district pursuant to Section 1963 and commencing a plenary action to enforce a state-court judgment is that the former "does not involve maintenance of a suit or conducting a defense." *Fid. Nat'l Fin., Inc. v. Friedman*, 935 F.3d 696, 701 (9th Cir. 2019) (internal quotation marks, alterations, and citations omitted). The Court therefore finds Plaintiffs' Section 1963 argument unpersuasive.